MAKITA CORP., MAKITA U.S.A., INC., AND MAKITA CORP. OF AMERICA, PLAINTIFFS *v.* UNITED STATES AND U.S. DEPARTMENT OF COMMERCE (INTERNATIONAL TRADE ADMINISTRATION), DEFENDANTS, AND BLACK & DECKER (U.S.) INC., INTERVENOR-DEFENDANT

Court No. 93-08-00450

MAKITA CORP., MAKITA U.S.A., INC. AND MAKITA CORP. OF AMERICA, PLAINTIFFS *v.* UNITED STATES AND U.S. INTERNATIONAL TRADE COMMISSION, DEFENDANTS, AND BLACK & DECKER (U.S.) INC., INTERVENOR-DEFENDANT

Court No. 93-08-00451

(Dated February 25, 1994)

*Verner, Liipfert, Bernhard, McPherson and Hand, Chartered (William A. Zeitler)* for the plaintiffs.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Patricia L. Petty);* and Office of the Chief Counsel for Import Administration, U.S. Department of Commerce *(Linda Andros),* of counsel; for defendants United States and Department of Commerce.
Office of the General Counsel, U.S. International Trade Commission *(Lyn M. Schlitt, James A. Toupin* and *Robin L. Turner)* for defendant United States International Trade Commission.
*Stroock & Stroock & Lavan (James Taylor, Jr.)* for the intervenor-defendant.

MEMORANDUM AND ORDER

AQUILINO, *Judge:* Having commenced above-encaptioned action 93-08-00450 to reverse and/or vacate the *Final Determinations of Sales at Less Than Fair Value: Professional Electric Cutting Tools and Professional Electric Sanding/Grinding Tools From Japan,* published by the International Trade Administration, U.S. Department of Commerce ("ITA") at 58 Fed.Reg. 30,144 (May 26, 1993), as amended, *Antidumping Duty Order and Amended Final Determination: Professional Electric Cutting Tools From Japan,* 58 Fed. Reg. 37,461 (July 12, 1993), and above-encaptioned action 93-08-00451 to reverse and/or vacate the affirmative determination of material injury published by the U.S. International Trade Commission ("ITC") *sub nom. Professional Electric Cutting and Sanding/Grinding Tools From Japan,* 58 Fed.Reg. 37,967 (July 14, 1993), the plaintiffs now interpose motions to supple-

ment the underlying administrative record filed with the court in each action as well as for leave to serve and file requests for admissions as to the contents of those records.

I

In regard to the ITA's record, plaintiffs' motion seeks an order that

Makita's March 11, 1993 submission to the Department of Commerce, which includes 300 affidavits, be added to the administrative record sent by the Department to the Court. This submission was presented to the Department during the course of the investigation and contains highly relevent information relating to the lack of basis for the Department's definition of "professional" electric cutting tools. It is not presently included in the record before the Court.

The government admits that the referenced submission is not included in the record but points to 19 C.F.R. § 353.31(a), which provides, in part:

(3) The Secretary will not consider in the final determination or the final results, or retain in the record of the proceeding, any factual information submitted after the applicable time limit. The Secretary will return such information to the submitter with written notice stating the reasons for return of the information.

The defendants also produce copies of correspondence which indicate that the respondents Makita requested postponement of the deadlines for submission of additional comments on the scope of the investigation and for submission of a questionnaire[1]; that those request(s) were granted—to February 16 and 23, 1993, respectively[2]; and that, notwithstanding the extensions, the submission at issue was not attempted, as indicated above, until March 11, 1993. Whereupon that attempt was rejected by the ITA.[3]

The foregoing facts, in the face of the agency regulation quoted above, leave the plaintiffs in no better position before this court than before the ITA. *Cf. Asociacion Colombiana de Exportadores de Flores v. United States,* 13 CIT 13, 24–25, 704 F.Supp. 1114, 1124 (1989), *aff'd,* 901 F.2d 1089 (Fed.Cir.), *cert. denied,* 498 U.S. 848 (1990). With regard to the ITC, the gravamen of plaintiffs' motion to supplement that agency's record is that a March 26, 1993 Makita submission is not included in the matter on file in action 93–08–00451. However, the Commission Secretary has certified to the court that the record it has filed is "true and complete", and perusal of the lists appended to her certificate leads to material characterized as "Makita Marketing Info."[4], the object of the motion to supplement. In fact, the plaintiffs have since formally filed a notice of withdrawal of their superfluous imposition.

---

[1] Defendants' Opposition to Plaintiffs' Motion to Supplement the Administrative Record in action 93–08–00450, Attachment A.

[2] *See id.,* Attachment B.

[3] *See id.,* Attachment C.

[4] ITC Administrative Record List No. 2, Document 20.E.

## II

Equally problematic are plaintiffs' motions for leave to serve and file requests for admissions. CIT Rule 36 contemplates such requests but not in actions like these brought pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c), save "rare or exceptional" circumstances not apparent here. *Cf. Mitsuboshi Belting Limited v. United States,* 18 CIT 98, Slip Op. 94–23 (Feb. 10, 1994), and cases cited therein. For actions described in 28 U.S.C. § 1581(c), this Court of International Trade has adopted a Rule 56.2, which provides in part:

(a) *Proposed Briefing Schedule and Joint Status Report.*

 *  *  *  *  *  *  *

No later than 30 days after the filing of the record with the court, the parties * * * shall file with the clerk (1) a Joint Status Report, and (2) a proposed briefing schedule. The Joint Status Report shall be signed by counsel for all parties and shall set forth answers to the following questions, although separate views may be set forth on any point on which the parties cannot agree:

1. Does the court have jurisdiction over the action?

2. Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons therefor?

3. Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons therefor?

4. Are there any outstanding issues concerning the issuance of a judicial protective order?

5. Is there any other information of which the court should be aware at this time?

The proposed briefing schedule shall indicate whether the parties (1) agree to the time periods set forth in Rule 56.2(d), (2) agree to time periods other than the time periods set forth in Rule 56.2(d), or (3) cannot agree upon a time period. In the event the parties cannot agree on a time period, the parties shall indicate the areas of disagreement and shall set forth the reasons for their respective positions.

After the Joint Status Report and proposed briefing schedule are filed, the judge promptly shall enter a scheduling order.

In accordance with this rule, the parties have filed the requisite report in each of these actions. In regard to question 5 *supra,* each apprises the court of disagreement among the signatories. To quote from the submission in action 93–08–00450:

A. *Stipulations Concerning The Administrative Record:*

*Plaintiffs* have sought and will continue to seek to enter stipulations with the Defendant concerning the content of the administrative record on the issue of the product definition. Plaintiffs submit that these stipulations are in the interest of efficiency and will assist the parties and the Court in narrowing the issues to be decided.

To the extent stipulations are not entered into, Plaintiffs may file an appropriate motion to have the product definition issue resolved by the Court on the basis of undisputed facts in the record prior to the briefing of the remaining issues.

\*    \*    \*    \*    \*    \*    \*

D. *Agreement to Remand:*

Plaintiffs believe that an agreement to remand is appropriate in this case because the existing antidumping order is overly broad. Consequently, the antidumping order is inimical to competition. Plaintiffs have offered to agree to a remand and to accept an order based on one of Plaintiffs' alternative definitions of "professional" tools.

The report filed in the other action contains similar proposals concerning the content of the record and a proposed remand, among other concepts. Both reports indicate opposition to them by the defendants and the intervenor-defendant. Whereupon those opponents are proposed targets of the requests for admissions. In each motion therefor, the plaintiffs disclaim "seeking discovery." Rather, they claim to desire "admissions from the defendant with respect to what is or is not in the administrative record." Review of the 23 requests proposed for action 93–08–00450 and of the 26 for No. 93–08–00451 tends to support this claim, but this support cannot result in leave to even formally serve them.

The reason is simple: While the questions posed may be for the parties to debate, they are for the court to answer. That is, in actions such as these, the court must decide whether or not the records compiled by the ITA and ITC reflect proceedings before them in accordance with law and substantial evidence in support of their determinations complained of. *See* 19 U.S.C. § 1516a(b)(1)(B). If those records are found lacking on either count, a complainant is entitled to relief.

### III

Clearly, plaintiffs' foregoing motions have not advanced the moment of that judicial reckoning. From all the papers the parties have already brought forth, pro[5] and against, however, the court cannot find that the underlying intent has been obstruction. Perhaps CIT Rule 56.2, which is still of recent adoption, is the source of the confusion. If it is, let the Bar beware that the rule is not an invitation to the kind of practices described above. Necessarily, they will lead to denial of concomitant motions, if not additional sanction.

In hereby denying each of plaintiffs' aforesaid motions, the court also admonishes the parties to comply with the dictates of Rule 56.2(d) as of the date hereof.

---

[5] The plaintiffs have interposed motions for leave to file reply briefs in support of their requests in both actions. Those supplemental motions are hereby denied. *Cf.* CIT Rule 7(d).